UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYLENE BUNKER**, *et al.*,

    **Plaintiffs,**

v.                                   **Civil Action 2:21-cv-4501**
                                              **Judge Edmund A. Sargus, Jr.**
                                              **Magistrate Judge Chelsey M. Vascura**

**CONTACTUS, LLC,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Third Amended Complaint, *Instanter* (ECF No. 32). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53

F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

Here, Plaintiffs seek to amend their Complaint to add allegations that they worked 10-to-15 minutes per day of unpaid overtime and that Defendant's violations of the Fair Labor Standards Act were willful. (Pls.' Mem. in Supp. 1, ECF No. 32-1.) Defendant opposes Plaintiffs' Motion on grounds that Plaintiffs have been dilatory in seeking amendment and that the proposed amendments are futile. (Def.'s Mem. in Opp'n 1, ECF No. 35.)

As to Defendant's first objection, Defendant is correct that undue delay is grounds for denying amendment under Rule 15(a). However, the undersigned does not find that Plaintiffs' delay in amending their Complaint is undue given the early stage of this case. Discovery has not yet begun, no case schedule deadlines have been established, and the undersigned can discern no prejudice that Defendant would suffer from amendment at this time.

Defendant's remaining objection rests on its contention that the proposed amendments are futile. Because "denying a motion for leave to amend on grounds that the proposed [pleading] is legally insufficient is, at least indirectly, a ruling on the merits" of the pleading, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on dispositive matters, is ruling on such a motion. *Jones v. Allen*, No. 2:11-CV-380, 2014 WL 12577014, at *2 (S.D. Ohio Dec. 8, 2014) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiffs to amend their Complaint with the understanding that Defendant is free to challenge the new pleading via a motion to dismiss. *See Jones*, 2014 WL 12577014, at *2 ("[I]t is usually a sound exercise of discretion to permit [the claim or defense] to be pleaded and to allow its merits to be tested before the District Judge."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

In sum, for the reasons set forth above, Plaintiffs' Motion for Leave to File Third Amended Complaint, *Instanter* (ECF No. 32) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiffs' Third Amended Complaint, attached to their Motion as Exhibit 1 (ECF No. 32-2).

Because Plaintiffs' Third Amended Complaint supersedes Plaintiffs' Second Amended Complaint, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, or, in the alternative, to Stay the Action (ECF No. 27) is **DENIED AS MOOT**. Defendant of course remains free to raise the same arguments in responding to Plaintiffs' Third Amended Complaint.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE