UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYLENE BUNKER,** *et al.***,**

    **Plaintiff,**

v.

    Case No. 2:21-cv-4501
    **JUDGE EDMUND A. SARGUS, JR.**
    **Magistrate Judge Chelsey M. Vascura**

**CONTACTUS, LLC,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant ContactUS, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint or in the Alternative to Stay the Action ("Motion"). (ECF No. 38.) For the reasons set forth below, the Court **DENIES** ContactUS's Motion.

### I. BACKGROUND

**A. The *Pyfrom* Action**

On August 31, 2021, former ContactUS employee, Khadeza Pyfrom, brought a hybrid FLSA collective action and Federal Rule of Civil Procedure 23 wage and hour class action on behalf of ContactUS's customer support representatives against ContactUS, LLC and ContactUS Technology, LTD (collectively, "ContactUS") in the Southern District of Ohio. *See Khadeza Pyfrom v. ContactUS, LLC et al.*, Case No. 2:21-cv-4293 (S.D. Ohio) (J. Sargus). In the *Pyfrom* action, the plaintiffs' alleged that ContactUS required the class members to perform unpaid work before, during, and after their scheduled shifts, without paying overtime pay for the overtime hours worked. (*See* Ex. A to Mot., ECF No. 38-1.) As alleged in the *Pyfrom* complaint, ContactUS's conduct violated the FLSA and the Ohio Minimum Fair Wage Standards Act. (*Id.*) On April 5, 2022, this Court conditionally certified the following class:

> All former and current hourly support associates, customer service representatives, agents, or similar call center or in-home representatives of Defendants who were scheduled to work forty (40) or more hours in one or more workweek(s) beginning three (3) years before the filing of this Motion and to the present.

*Pyfrom v. Contactus, LLC*, No. 2:21-cv-4293, 2022 U.S. Dist. LEXIS 62879, *4–10 (S.D. Ohio Apr. 5, 2022). Contemporaneously with the grant of conditional certification, the Court also approved the plaintiffs' proposed collective notice plan. *Id.* at *12.

### B. The *Bunker* Action

On September 10, 2021—10 days after the filing of the *Pyfrom* action—Plaintiff Bunker initiated the present action against ContactUS. (ECF No. 1.) This action, as originally filed, brought claims under both the FLSA and the Ohio Minimum Fair Wage Standards Act, with Plaintiff Bunker seeking to represent the following class:

> All former and current customer service representatives or persons with jobs performing substantially identical functions and/or duties to customer service representatives employed by Defendant during the statutory period covered by this Complaint.

(*Id.* at ¶¶ 41, 52-64.) Three days later, Plaintiffs Lauderdale and Ruiz filed consent forms to become party-plaintiffs in the action. (ECF No. 2.)

On December 20, 2021, Plaintiff Bunker filed her First Amended Complaint, striking the original complaint's class action claim. (ECF No. 10.) And on April 14, 2022, Plaintiffs Bunker, Lauderdale, and Ruiz filed the Second Amended Complaint solely on behalf of themselves as individuals. (ECF No. 21.)

On July 28, 2022, Plaintiffs Bunker, Lauderdale, and Ruiz filed the Third Amended Complaint, which added allegations that ContactUS willfully, knowingly, and/or recklessly violated the FLSA. (ECF No. 37 at ¶¶ 38, 40, 46.) In the Third Amended Complaint, Plaintiffs alleged that ContactUS violated the FLSA by (1) "not paying Plaintiffs for work performed before

clocking in each day;" (2) "not paying Plaintiffs for all work performed each day;" (3) "not paying Plaintiffs overtime compensation at a rate of one half times their regular rate of pay for all of the hours they worked over 40 in a workweek"; and (4) failing "to keep records of all of the hours worked." (*Id.* at ¶¶ 42-45.) And like the Second Amended Complaint, Plaintiffs filed the Third Amended Complaint individually.

On August 10, 2022, ContactUS filed the present Motion seeking dismissal of Plaintiffs' Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, an order staying this action pending disposition of the *Pyfrom* action. (ECF No. 38.) Plaintiffs timely filed their opposition (ECF No. 39), to which ContactUS has replied (ECF No. 40). ContactUS's Motion is fully briefed and ripe for review.

## II. MOTION TO DISMISS

### A. Legal Standard: 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying plausibility standard articulated in *Twombly*). Further, "[a]lthough for purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a

3

legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 555) (internal quotations omitted).

In addition, "[d]ismissal under Fed. R. Civ. P. 12(b)(6) based on a statute-of-limitations bar is appropriate when the complaint shows conclusively on its face that the action is indeed time-barred." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 500 (S.D. Ohio Dec. 20, 2012).

**B. Discussion**

The statute of limitations for an FLSA claim is two years, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a). Here, ContactUS asserts that the Court should dismiss Plaintiffs' Third Amended Complaint because Plaintiffs' FLSA claims are untimely. (ECF No. 38-1 at 6-8.)  More precisely, ContactUS argues that Plaintiffs have failed to adequately allege that ContactUS willfully violated the FLSA, thus subjecting Plaintiffs to the FLSA's two-year statute of limitations, which in turn bars Plaintiffs' claims. (*Id.*) In addressing the merits of ContactUS's arguments, the Court will first determine the applicable statute of limitations and then apply it to Plaintiffs' claims.

**a. Statutory period**

For the reasons that follow, the Court finds that Plaintiffs' FLSA claims are subject to a three-year statute of limitations. Thus, Plaintiffs' claims are limited to the three years prior to the filing of the Complaint.

The FLSA typically carries a two-year statute of limitations, but the limitations period may be extended to three years if the employer's violation was willful. 29 U.S.C. § 255(a). ContactUS argues that Plaintiffs' allegations of willfulness are conclusory and insufficient to extend the limitation period to three years.

To establish willfulness, the plaintiff must demonstrate that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). While "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), a plaintiff cannot make only a conclusory allegation that a defendant acted willfully. *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014) (citing *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)).

Here, ContactUS accurately identifies paragraph 40 of Plaintiffs' Third Amended Complaint, which provides that "Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA," as being nothing more than a vague, generalized allegation. (ECF No. 38 at 6-7.) But Plaintiffs' Complaint does not merely rely on conclusory assertions; instead, the Complaint avers that ContactUS had a policy of requiring Plaintiffs to regularly perform unpaid work before and after their shift without recording such work. (Compl. ¶¶ 21-37, ECF No. 37.) Indeed, regarding the work performed prior to clocking in, ContactUS could have allowed Plaintiffs to clock in prior to logging into ContactUS's computer systems, applications and phone system, which would have precisely recorded this work—but Plaintiffs were not allowed. (*Id.* at ¶ 25.)

Moreover, this unpaid work—both pre- and post-shift—was practicably ascertainable, but ContactUS "failed to make, keep, and preserve records of the unpaid work performed by Plaintiffs when not clocked in." (*Id.* at ¶¶ 24, 31, 39.) Several courts have held that allegations of recordkeeping violations support a plaintiff's allegations of willfulness. *Bey v. WalkerHealthCareIT, LLC*, 2018 U.S. Dist. LEXIS 72819, *15 (S.D. Ohio May 1, 2018) (citing *Petty v. Russell Cellular, Inc.*, 2014 U.S. Dist. LEXIS 11497, *7 (S.D. Ohio Jan. 30, 2014) (quoting

5

*Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002))); *Dowd v. DirecTV, LLC*, 2016 U.S. Dist. LEXIS 36, *17 (E.D. Mich. Jan. 4, 2016) ("Because this Circuit considers allegations of bad recordkeeping to be probative of willfulness, Plaintiffs' claims are all the more plausible."). In light of Plaintiffs' non-conclusory allegations of ContactUS's inadequate recordkeeping practices, coupled with the Complaint's numerous specific allegations that ContactUS failed to properly compensate Plaintiffs, the Court finds that Plaintiffs have plausibly alleged that ContactUS acted willfully in violating the FLSA.

### b. Plaintiff Lauderdale's claim is timely

ContactUS argues that the FLSA's three-year statute of limitations for willful violations bars Plaintiff Lauderdale's claim. (ECF No. 38 at 8.) The Court disagrees.

"When a plaintiff alleges a violation of the FLSA based on a failure to pay overtime wages, each paycheck that fails to include wages for overtime constitutes a separate violation. Consequently, a new cause of action accrues with the receipt of each paycheck." *Claeys v. Gandalf Ltd.*, 303 F. Supp. 2d 890, 894 (S.D. Ohio Jan. 23, 2004). As for determining *when* a plaintiff files a cause of action, the FLSA states:

> In determining when an action is commenced for the purposes of section 255 of this title, an action . . . shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant—
>
> > (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> >
> > (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 USCS § 256.

Applying the foregoing principles, Plaintiff Lauderdale's claim accrued three years after receiving her last paycheck, and she would need to assert her claim before that date. While the Complaint is silent as to the date Plaintiff Lauderdale received her last paycheck, the Complaint does allege that she left ContactUS in December 2018. (Compl. ¶ 14, ECF No. 37.) Thus, for the purposes of this decision, the Court will assume that receipt occurred on December 31, 2018. Accordingly, Plaintiff Lauderdale had until December 31, 2021, to bring her claim against ContactUS.

ContactUS argues that Plaintiff Lauderdale's FLSA claim is untimely, asserting that she did not file her claim until April 14, 2022, when Plaintiffs filed the Second Amended Complaint. But this argument relies on the false premise that Plaintiff Lauderdale was not already a party in this action. On September 13, 2021, three days after Plaintiff Bunker filed the original complaint, Plaintiffs' counsel filed Plaintiff Lauderdale's "Consent Forms to become Party Plaintiffs" in this action. (ECF No. 2.) Accordingly, Plaintiff Lauderdale joined the action on September 13, 2021—well within the three-year limitations period.

Recognizing that Plaintiff Lauderdale filed her consent form on September 13, 2021, ContactUS takes the position that because Plaintiff Bunker's original complaint "never evolved into a collective or class action," Plaintiff Lauderdale did not become a party until all three Plaintiffs filed the Second Amended Complaint. (ContactUS Reply, ECF No. 40 at 3.) ContactUS, however, fails to direct the Court's attention to any authority supporting this position. Indeed, caselaw suggests a contrary result. Once Plaintiff Lauderdale opted into Plaintiff Bunker's action, she enjoyed "the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Canaday v. Anthem Cos.*, 9 F.4th 392, 402–403 (6th Cir. 2021) (citing *Pricket v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003)). Moreover, Plaintiff Lauderdale did not simply opt into a

specific claim, she opted into Plaintiff Bunker's action as a *whole*. *See Thompson v. Bruister & Assocs.*, 2015 U.S. Dist. LEXIS 187558, *41 (M.D. Tenn. April 23, 2015) ("In accordance with the 'plain language' of the FLSA, 'plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole.'") (quoting *Pricket*, 349 F.3d at 1297). And Plaintiff Lauderdale remained a party to this action throughout the subsequent amendments. Regarding the First Amended Complaint, filed in December of 2021, Plaintiff Lauderdale maintained her plaintiff status. *See McClurg v. Dallas Jones Enters.*, 2022 U.S. Dist. LEXIS 144344, *11–12 (W.D. Ky Aug. 11, 2022) ("'[C]ongressional intent would not be advanced by a requirement that new consents to join be submitted by opt-in plaintiffs, who may sometimes number in the hundreds, in order for them to remain as full-fledged plaintiffs' when amendments to the complaint are made.") (quoting *Pricket*, 349 F.3d at 1297). Simply put, when Plaintiff Lauderdale filed her consent to join this action on September 13, 2021, she consented to join the entirety of this action, and she has remained a party to this action throughout the subsequent amendments to the complaint. Plaintiff Lauderdale's FLSA claim is therefore timely.

### III. REQUEST FOR STAY

In the alternative, ContactUS argues that the Court should stay this action pending resolution of the *Pyfrom* action pursuant to the first-to-file rule. (ECF No. 38 at 8-12.) The first-to-file rule is a case-management doctrine that recognizes the unavoidable inefficiencies associated with litigating two, largely identical suits at the same time. *Honaker v. Wright Bros. Pizza*, 2019 U.S. Dist. LEXIS 154647, *4 (S.D. Ohio Sep. 11, 2019); *see also Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) ("The first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts."). In essence, the first-to-file rule provides that, "when actions involving nearly identical parties and

8

issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'" *Baatz*, 814 F.3d at 789 (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)). Along with prudential considerations, the first-to-file rule "encourages comity among federal courts of equal rank" and "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Id.* (citations omitted).

Here, ContactUS asserts that the first-to-file rule warrants a stay of this action pending disposition of the *Pyfrom* action. But ContactUS overestimates the reach of the first-to-file rule. As articulated by the Sixth Circuit, the first-to-file rule applies when actions involving substantially similar parties and issues are filed "in two *different* district courts." *Id.* at 789 (emphasis added). Unlike the cases where the first-to-file rule traditionally applies, both the *Pyfrom* action and the present case are in the *same* district court before the *same* judge.

In the context of two cases pending before the same judge, courts regularly decline to apply the first-to-file rule. *See Powell v. Oldham*, 2018 U.S. Dist. LEXIS 39058, *12 (W.D. Tenn. Mar. 9, 2018) (collecting cases declining to apply the first-to-file rule when the two actions are actively pending before the same judge); *Word Music, LLC v. Priddis Music, Inc.*, 2007 U.S. Dist. LEXIS 80374, *3 (M.D. Tenn. Oct. 30, 2007) (concluding that the first-to-file rule "is no longer relevant" after transfer of the second action to the same district and judge presiding over the first action); *Henderson v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 103552, *5 (C.D. Cal. Sep. 13, 2011) (collecting cases).

The Court does, however, recognize that this is an "unsettled area of the law" in this Circuit. *Honaker*, 2019 U.S. Dist. LEXIS 154647, at *5; *compare Powell*, 2018 U.S. Dist. LEXIS 39058

at *12 (declining to apply first-to-file rule because same judge presided over both matters), *and Word Music*, 2007 U.S. Dist. LEXIS 80374 at *3 (same), with *McGraw-Hill Global Educ., LLC v. Griffin*, 2014 U.S. Dist. LEXIS 154682, *16 (W.D. Ky. Oct. 30, 2014) (applying first-to-file rule to two actions sitting before the same court). This Court must pick a side. In making this decision, the Court finds the reasoning against applying the first-to-file rule in matters where the same judge presides over both cases to be persuasive. The Fifth Circuit's explanation for limiting the first-to-file rule in such a manner is particularly cogent:

> This limitation makes sense because the concerns undergirding the first-to-file rule are not triggered when the cases are before the same judge. The first-to-file rule is aimed at avoiding both conflicting rulings on similar issues and duplicative rulings. But when the same judge is deciding both cases, there is no danger of conflicting rulings. And it increases, rather than diminishes, judicial economy to allow a district court judge to choose which of two pending cases to rule on first. Indeed, we have recognized the "inherent power" of a district court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." The district court utilized this inherent power here and did not abuse its discretion in doing so.
>
> We conclude that it was not an abuse of discretion for the district court to decline to apply the first-to-file rule.

*Green Tree Servicing, L.L.C. v. Clayton*, 689 Fed. App'x. 363, 368 (5th Cir. 2017) (cleaned up) (internal citations omitted).

In sum, the Court finds that the concerns supporting application of the first-to-file rule—comity, efficiency, and uniformity—are nonexistent or reduced in this matter. Accordingly, as the actions at issue here are pending before the undersigned, the first-to-file rule is not appropriate. The Court therefore declines to stay this action pursuant to the first-to-file rule.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** ContactUS's Motion. (ECF No. 38.)

This case remains open.

**IT IS SO ORDERED.**


<u>**3/13/2023**</u>                           <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                                   **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**